UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| JULIO RAMIREZ, | : | **REPORT and RECOMMENDATION** |
| Petitioner, | : | 05 Civ. 2692 (RMB)(KNF) |
| | | 00 Cr. 656 (RMB) |
| -against- | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Julio Ramirez ("Ramirez"), proceeding pro se, has made an application, pursuant to 28 U.S.C. § 2255, that his sentence be vacated or modified because of ineffective assistance Ramirez alleges he received from his counsel.  Specifically, the petitioner contends his counsel failed to object to your Honor's imposition of a sentence of imprisonment that exceeded the stipulated sentence range identified in the plea agreement Ramirez reached with the prosecution. The petitioner also seeks a sentence reduction, pursuant to Fed. R. Crim. P. 35, based on his allegation that the government breached a cooperation agreement, through which Ramirez's brother was to assist the government and, in return, Ramirez would receive consideration for a more lenient sentence.  In addition, Ramirez maintains his sentence should be adjusted by the court, based upon United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because he was never informed that the actual amount of the controlled substance involved in his case was an element of the offense that had to be proved by the prosecution.

1

The respondent opposes Ramirez's application. It contends that: (1) by signing a plea agreement with the government, Ramirez waived his right to make the instant application; and (2) Ramirez's claims are substantively without merit.

## II.  BACKGROUND

On June 13, 2000, Ramirez was charged, through Indictment No. 00 Crim. 656, with conspiring with others to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Thereafter, Ramirez and his attorney, Roy R. Kulscar, Esq. ("Kulscar"), entered into negotiations with representatives from the government that resulted in a written plea agreement. Ramirez, his counsel and representatives from the government signed that plea agreement ("the agreement").

In the agreement, the parties stipulated, based upon calculations they made premised on applicable provisions of the United States Sentencing Commission Guidelines (the "Guidelines"), that upon Ramirez's tender of a plea of guilty, he would be exposed to a period of incarceration within the range of 108 to 135 months. The parties also agreed that Ramirez would neither appeal from nor attack collaterally, pursuant to 28 U.S.C. § 2255, any sentence imposed by the court "within or below the stipulated Sentencing Guidelines range of 108 to 135 months . . . ."

Ramirez appeared before your Honor on May 24, 2001, to tender a plea of guilty to count one of the indictment. Before doing so, Ramirez took an oath through which he swore to give true answers to the questions put to him during that proceeding. Your Honor quizzed Ramirez on a multiplicity of matters, among them: (1) his understanding of the charge made against him in count one of the indictment; (2) the rights he would give up by pleading guilty; and (3) the voluntariness of his tender of a plea of guilty. Ramirez assured the court that he had discussed

the plea agreement with his attorney and understood the terms and conditions of that agreement. Ramirez also acknowledged that, under the terms and conditions of the agreement, he would not be allowed to appeal or attack collaterally, via a 28 U.S.C. § 2255 motion, any sentence equal to or less than 135 months imprisonment. Ramirez also acknowledged that he was aware that the agreement was between him and the government and was not binding on the court.

After pleading guilty, but before his sentencing proceeding was held, Ramirez obtained new counsel, B. Alan Seidler, Esq. ("Seidler"). Ramirez then made a motion "to withdraw his guilty plea pursuant to the agreement, and plead guilty without such an agreement." Ramirez made the motion so that he could make arguments at his sentencing proceeding which he believed could not be made under the terms and conditions of the plea agreement. Ramirez alleged he signed the plea agreement because Kulscar had made representations to him that a more lenient sentence might be obtained if, after Ramirez pleaded guilty pursuant to the plea agreement, Ramirez's brother cooperated with the government on Ramirez's behalf.

Your Honor held a two-day evidentiary hearing in connection with Ramirez's motion. At the conclusion of the hearing, your Honor found that Ramirez failed to meet his burden of establishing a "fair and just reason" to withdraw his guilty plea. Ramirez was then sentenced to 108 months in prison and 60 months of post-incarceration supervised release, the mandatory minimum period for such post-release supervision.

Ramirez appealed from the judgment of conviction, arguing that the court erred in not allowing him to withdraw his guilty plea so that he could plead guilty without a plea agreement. The Second Circuit Court of Appeals affirmed Ramirez's conviction and sentence. See United

States v. Lopez, 385 F.3d 245 (2d Cir. 2004).[1]

After the Supreme Court issued its decision in Booker, supra, explaining that the Guidelines are advisory and not mandatory, Ramirez asked the Second Circuit to remand his case to your Honor, under United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Second Circuit denied Ramirez's request, relying on United States v. Morgan, 406 F.3d 135 (2d Cir. 2005), a case in which it found that an appeal-waiver provision contained in a plea agreement is enforceable and forecloses a criminal defendant from mounting an appeal under Booker and United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738 (2005), when the defendant who is seeking relief from his sentence, has failed to seek relief from the underlying guilty plea in a timely fashion. See United States v. Lopez, No. 02-1412, slip op. at 2 (2d Cir. May 3, 2005). The Second Circuit found that Ramirez had entered into a valid and enforceable plea agreement, which included an appeal-waiver provision and, consequently, he could not have his sentence reviewed on the basis of the Supreme Court's decision in Booker/Fanfan. Id. Thereafter, Ramirez filed the instant petition.

### III.  DISCUSSION

*Standard of Review*

28 U.S.C. § 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under section

---

[1] The Second Circuit affirmed the court's denial of the petitioner's application, but found that your Honor had treated Ramirez's application erroneously as one to withdraw his guilty plea, when, in fact, Ramirez sought to withdraw from his plea agreement only, not to withdraw his plea of guilty. In affirming, your Honor's determination, the Second Circuit announced a new rule: a criminal defendant seeking to withdraw from a plea agreement, as opposed to seeking to withdraw a plea of guilty, must establish a "fair and just" reason for doing so. Lopez, 385 F.3d at 253.

2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255.  Accordingly, collateral relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471 [1962]).

*Waiver of the Right to Challenge Sentence*

The respondent contends that, under the terms and conditions of the parties' plea agreement, the petitioner waived his right to appeal from or to make a collateral attack on any term of imprisonment imposed upon him that was within or below a stipulated range: 108 to 135 months.  Therefore, according to the respondent, the court should refrain from entertaining the instant motion, since Ramirez received a 108-months term of imprisonment.

The petitioner does not contest that he knowingly and voluntary waived his right to appeal or collaterally attack any sentence of imprisonment within or below the stipulated sentencing range of 108 to 135 months.  Rather, Ramirez contends his waiver does not bar the instant motion because he is challenging a sentence that is "beyond the agreed upon sentencing range of punishment."  According to Ramirez, your Honor imposed a sentence of 168 months: a 108-months term of incarceration plus 60 months of supervised release.

"[A] defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998).  The same is true when the waiver concerns a criminal defendant's right to attack his

or her sentence collaterally, via a motion made pursuant to 28 U.S.C. § 2255.  See Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001).

In determining whether Ramirez waived his right to attack his sentence, or any portion of it collaterally, an analysis of the language of the plea agreement is appropriate.  In paragraph C of that plea agreement, the government recommended that Ramirez be sentenced "pursuant to the Sentencing Guidelines without regard to any statutory minimum sentence – i.e., within the range of 108 to 135 months imprisonment ("the stipulated Sentencing Guidelines range").  In return Ramirez agreed not to "appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Sentencing Guidelines range of 108 to 135 months . . . ."  The waiver-provision language continues, "any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation."

The express language of the parties' plea agreement makes clear that Ramirez is barred from challenging, through a motion made pursuant to 28 U.S.C. § 2255, the 108-months term of imprisonment to which your Honor sentenced him, since that period of incarceration is "within [] the stipulated Sentencing Guidelines range of 108 to 135 months imprisonment."  Moreover, any claim that the waiver is not enforceable because Ramirez's plea was not knowing and voluntary is without merit, since Ramirez acknowledged, in sworn statements made at the time he tendered his guilty plea, that his guilty plea was being made knowingly and voluntarily and, furthermore, that he understood the consequences of his plea.  During the plea proceeding, your Honor engaged in the following colloquy with Ramirez and his attorney:

| | |
|---|---|
| THE COURT: | Mr. Ramirez, are you comfortable that you understand the terms and conditions of the plea agreement that you signed with the government? |
| THE DEFENDANT: | Yes. |

\* \* \*

| | |
|---|---|
| THE COURT: | OK. And [there is] one or two other provisions in the plea agreement. There is a provision that the defendant will neither appeal nor otherwise litigate under 28 U.S.C. Section 2255 any sentence that is within or below the stipulated guideline range of 108 to 135 months.<br>Mr. Kulscar, have you gone over that provision, among others, with the defendant? |
| MR. KULSCAR: [Ramirez's counsel] | Yes, your Honor. |
| THE COURT: | And Mr. Ramirez, you understand that provision as well? |
| THE DEFENDANT: | Yes. |

\* \* \*

| | |
|---|---|
| THE COURT: | Do you think, Mr. Ramirez, that you understand the consequences of pleading guilty? |
| THE DEFENDANT: | I understand. |

\* \* \*

| | |
|---|---|
| THE COURT: | Mr. Ramirez . . . in light of the questions I've posed and the answers you've given this afternoon, do you wish at this time to plead guilty or not guilty? |
| THE DEFENDANT: | Guilty. |

"[T]he Court is entitled to rely upon the 'defendant's sworn statements, made in open court, that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal [his] sentence . . . and had been made no promises except those contained in the plea agreement.'" See Rainford v. United States, No. 05 Civ. 9895, 2006 WL 2521398, at \*4 (S.D.N.Y. 2006) (alteration in original) (quoting United States v. Hernandez, 242 F.3d 110, 112 [2d Cir. 2001]).

7

The sworn statements made by the petitioner during the pleading proceeding support a finding that he entered into the plea agreement knowingly and voluntarily and, thereby, waived any right he had to attack collaterally his sentence of 108-months imprisonment.

The text of the plea agreement that supports a finding that the petitioner is barred from attacking collaterally his term of imprisonment, does not support the same finding respecting the petitioner's ability to attack collaterally his term of supervised release.  The plea agreement into which Ramirez entered with the government is silent with respect to his challenging the post-incarceration supervised release component of his sentence.

Plea agreements are construed strictly against the government.  See United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002).  Moreover, a court should scrutinize closely and apply narrowly any waiver of a criminal defendant's rights to appeal or attack collaterally a sentence that is embodied in a plea agreement.  See United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996).  Consequently, inasmuch as the waiver provisions of parties' plea agreement do not address Ramirez's right to appeal or attack collaterally a sentence of supervised release, he is free to challenge that component of his sentence through the instant motion.

*Ineffective Assistance of Counsel*

Ramirez contends his counsel's failure to object, to the term of supervised release that was imposed by the court demonstrates that he received ineffective assistance from his attorney because, when the 60-months terms of supervised release is added to the 108 months he must be incarcerated, his sentence exceeds the stipulated sentence range of 108 to 135 months imprisonment noted in the plea agreement.

Ramirez did not present an ineffective assistance of counsel claim to the Second Circuit on direct appeal from the judgment of conviction.  Generally, "claims not raised on direct appeal

may not be raised on collateral review unless the petitioner shows cause [for the default] and prejudice [that results from the default]." Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003) (citations omitted). However, an ineffective assistance of counsel claim may be brought in a section 2255 motion, even if it was not pursued on direct appeal. Id. at 504, 123 S. Ct. at 1694.

The Supreme Court has explained that the right to counsel guaranteed by the Sixth Amendment is the "right to effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 n.14 [1970]). To determine whether counsel's assistance was effective, the Supreme Court devised a two-part test. See Strickland, 466 U.S. at 687-696, 104 S. Ct. at 2064-2069. First, a criminal defendant must show that counsel's performance was deficient; that is, that it fell below an "objective standard of reasonableness" measured under "prevailing professional norms." Id. at 687-688, 104 S. Ct. at 2064-2065. Second, the criminal defendant must affirmatively demonstrate prejudice, by showing that "there is a reasonable probability that, but for counsel's [error], the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068; see also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir.), cert. denied, 506 U.S. 979, 113 S. Ct. 477 (1992). A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Considerable deference is accorded counsel's performance. Id. at 690, 104 S. Ct. at 2066. Therefore, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

21 U.S.C. § 846, the offense to which Ramirez pleaded guilty, provides the following:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 841, the statute which Ramirez's indictment indicates he conspired with others to violate, informs that "notwithstanding section 3583 of Title 18, any sentence under this subparagraph [21 U.S.C. § 841(b)(1)(A)] shall, in the absence of such a prior conviction impose a term of supervised release of at least 5 years in addition to such term of imprisonment . . . ." The record before the Court suggests that Ramirez had no prior criminal conviction at the time he was sentenced. Therefore, perforce of the express language in the applicable provision of Title 21, your Honor was required to sentence Ramirez to a period of supervised release of at least five years. Unlike the circumstance discussed in Cunningham, supra, your Honor lacked the discretion to impose a period of supervised release that is less than the statutorily-mandated minimum of five years.

In such a circumstance, the failure of Ramirez's counsel to object when your Honor imposed on his client the statutorily-mandated minimum term of supervised release was appropriate conduct, and was well within any objective standard of reasonableness, when measured by prevailing professional norms. Any objection made to the term of supervised release imposed upon Ramirez raised by Seidler, would have been futile, since a period of supervised release of at least five years was statutorily mandated for any sentence imposed in accordance with 21 U.S.C. §§ 846 and 841(b)(1)(A). Moreover, Ramirez acknowledged, at the time he tendered his guilty plea, that he understood your Honor could impose a maximum term of lifetime supervised release as part of the sentence meted out to him as a result of his guilty plea. Therefore, the Court finds that Ramirez is not entitled to the relief he seeks, through the

instant motion, based upon his claim that his counsel rendered ineffective assistance to him by failing to object to the court's imposition of the statutorily-mandated five-year term of supervised release.

*Fed. R. Crim. P. 35 Claim*

Ramirez maintains his sentence should be reduced, "based upon a finding by the Court, that [in] [fact], the information provided by Petitioner to investigative authorities, at the request and agreement of the U.S. Attorney, was [in] [fact] used to an extent that arrests and convictions were [] made as a direct or indirect result of the actions of Petitioner."

Fed. R. Crim. P. 35(b)(2) provides, in pertinent part that, "[u]pon the government's motion . . . the court may reduce a sentence if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing . . . ."

In the case at bar, the government has not requested that Ramirez be resentenced based on substantial assistance provided to it either by Ramirez or someone associated with him. Since only the government can make a Fed. R. Crim. P. 35 motion, the petitioner has no valid claim for Fed. R. Crim. P. 35(b) relief. See United States v. Borbon, No. 88 Cr. 523, 1991 WL 210927, at *3 (S.D.N.Y. October 8, 1991) ("Under Rule 35(b) only the government has the power to request the Court to lower a sentence.").[2]

---

[2]Ramirez requests discovery on this branch of his motion, as well as an evidentiary hearing. Since it is clear from the petitioner's submissions that he is not entitled to Fed. R. Crim. P. 35 relief, his request for discovery and an evidentiary hearing is denied. This includes the petitioner's request for "an [e]xtension of [t]ime to brief the Court" with documentation garnered from the petitioner's Freedom of Information Act request.

11

*Booker* and *Apprendi* Claims

Ramirez seeks a sentence adjustment based on Booker.[3]  In Booker, the Supreme Court held that the Guidelines were advisory only.  "In response to that ruling [the Second Circuit] determined that defendants sentenced under the Guidelines on direct appeal who did not object below to the constitutionality of the Sentencing Guidelines generally should be entitled to a remand to the district court for a determination whether their sentences would have been significantly more lenient had the sentencing court followed the standards of *Booker,* and accordingly should be resentenced." U.S. v. Oladimeji, 463 F.3d 152, 155 (2d Cir. 2006).  However, the Second Circuit has held that Booker cannot be applied retroactively to cases that were final when it was decided. See United States v. Guzman, 404 F.3d 139, 143-44 (2d Cir. 2005).  Accordingly, the petitioner's Booker claim is without merit, since his case was concluded before Booker was decided.

Ramirez also contends he is entitled to relief based on the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  In that case, the Supreme Court advised that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 489-490, 120 S. Ct. 2362-63.  When a criminal defendant is sentenced based on a guilty plea in which he admits to the sentencing facts, Apprendi is not implicated.  See United States v. Gonzalez, 420 F.3d 111, 123-125 (2d Cir. 2005); United States v. Champion, 234 F.3d 106, 111 (2d Cir. 2000); Hernandez-Prisonol v. United States, No. 05 Civ. 3234, 2005 WL 2757530 at *3 (S.D.N.Y. Oct. 25, 2005).

---

[3] The Second Circuit rejected this claim on direct appeal. See United States v. Lopez, 02-1412, slip op. at 2.

Moreover, an application made pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. See Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005). Since Ramirez did not raise his Apprendi claim as part of his direct appeal to the Second Circuit, he is procedurally barred from raising it in the instant motion. In addition, Ramirez has made no showing of cause and prejudice for his failure to raise this issue on direct review that would excuse his procedural default. See Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992). In any event, even if the petitioner's claim was not procedurally barred, Ramirez has failed to state an Apprendi claim for two reasons: (1) his sentence of 108 months in prison did not exceed the applicable statutory maximum sentence, see Giraldo v. U.S., No. 97 Cr. 999, 2001 WL 868019, at *3 (S.D.N.Y. July 31, 2001); and (2) Ramirez admitted in his plea agreement and during his plea allocution that he conspired to distribute between 50 and 150 kilograms of cocaine. Accordingly, the petitioner's claim for relief under Apprendi is both procedurally barred and baseless.

### IV. RECOMMENDATION

For the reasons set forth above, I recommend that Ramirez's application, that his sentence be vacated or modified, be denied.

### V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an

extension of time for filing objections must be directed to Judge Berman. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Reynoso, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      April 24, 2007

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Julio Ramirez  
Robert Finzi,  
Assistant United States Attorney